IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

CASE NO.:

JAY R. MCLAUGHLIN d/b/a
MCLAUGHLIN LOGGING,

    Plaintiff,

v.

GREENCO SERVICES, LLC.,
SABINE HOLDINGS, LLC. and
ROBERT THOMPSON,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JAY R. MCLAUGHLIN d/b/a MCLAUGHLIN LOGGING (hereinafter "MCLAUGHLIN"), by and through undersigned counsel, files this Complaint against Defendant, GREENCO SERVICES, LLC. ("GREENCO") and Defendant, SABINE HOLDINGS, LLC. ("SABINE") and Defendant, ROBERT THOMPSON ("THOMPSON") and states as follows:

1. This is a diversity of jurisdiction cause of action filed pursuant to 28 USC § 1332, with an amount in controversy in excess of $75,000.

2. At all times material hereto, Plaintiff was and still is a citizen of the state of Maine. Plaintiff entered into an oral contract to perform services for

Defendant SABINE and/or Defendant THOMPSON in Florida. Plaintiff performed the services it contracted to perform in Florida. Plaintiff was to be paid by Defendant SABINE and/or Defendant THOMPSON in Florida. Plaintiff has not been paid for the services he performed. Defendants breached their contracts to pay Plaintiff for services in Florida.

3. At all times material hereto, Defendant GREENCO was and still is a citizen of the state of Alabama. At all times material hereto, Defendant GREENCO was doing business in Florida and breached a contract in Florida.

4. At all times material hereto, Defendant SABINE and Defendant THOMPSON were and still are citizens of the state of Arizona. At all times material hereto, Defendant SABINE and Defendant THOMPSON were doing business in Florida and breached a contract in Florida.

5. Upon information and belief, Defendant GREENCO entered into an agreement with Precision Sand Products ("Precision") to remove trees and other vegetation that were on Precision's property in Pensacola Florida. Defendant GREENCO contracted with Defendant SABINE and/or Defendant THOMPSON to remove these same trees and other vegetation that Defendant GREENCO had contracted to remove.

6. Defendant SABINE and/or Defendant THOMPSON entered into an oral contract with the Plaintiff to remove these same trees and other vegetation that Defendant GREENCO had contracted with Precision to remove.

7. Plaintiff provided equipment and substantial labor to fulfill its contract and has not been paid anything by any of the Defendants.

### COUNT I: ORAL CONTRACT v. SABINE

8. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

9. Plaintiff entered into an oral contract with Defendant SABINE that was supposed to be converted into a written contract by the Defendant SABINE, but never was. Defendant SABINE agreed to pay the Plaintiff $248,000 in incremental weekly payments for the use of the Plaintiff's grinder and excavator, and for the Plaintiff's labor. In addition, Defendant SABINE was to pay for the cost of all fuel to run the grinder and excavator, any parts that had to be replaced on either piece of equipment, and for trucking of the equipment.

10. Defendant SABINE breached this oral contract by never providing a written contract and by never paying the Plaintiff any amount in accordance with the oral contract.

11. Plaintiff has sustained damages as a direct and proximate cause of the Defendant SABINE'S breach of this oral contract.

WHEREFORE, Plaintiff demands damages against the Defendant SABINE, plus prejudgment interest and costs.

### COUNT II: ACCOUNT STATED v. SABINE

12. Plaintiff adopts and realleges each and every allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

13. Plaintiff sent an account stating the amount that the Defendant SABINE owed the Plaintiff, a copy of which is attached hereto as **Exhibit 1**. Upon information and belief, Defendant SABINE has received this account and has made no objection to the amount stated in the account.

WHEREFORE, Plaintiff demands damages against the Defendant SABINE, plus prejudgment interest and costs.

### COUNT III: UNJUST ENRICHMENT v. SABINE

14. Plaintiff adopts and realleges each and every allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

15. Plaintiff completed the work it could complete before being discharged by the Defendant SABINE. The amount completed by the Plaintiff was the

vast majority of what the Plaintiff had contracted to complete. Plaintiff conferred a benefit on the Defendant SABINE, Defendant SABINE voluntarily accepted the benefit, and the circumstances are such that it would be inequitable for the Defendant SABINE to retain the benefit without paying the value of the benefit to the Plaintiff.

WHEREFORE, Plaintiff demands damages against the Defendant SABINE, plus prejudgment interest and costs.

### COUNT IV: QUANTUM MERUIT v. SABINE

16. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

17. Plaintiff completed the work it could complete before being discharged by the Defendant SABINE. The amount completed by the Plaintiff was the vast majority of what the Plaintiff had contracted to complete. Plaintiff provided and the Defendant SABINE received, the benefit of the use of the Plaintiff's equipment and the Plaintiff's labor under the circumstances where, in the ordinary course of events, a reasonable person receiving such a benefit would expect to pay for it.

WHEREFORE, Plaintiff demands damages against the Defendant SABINE, plus prejudgment interest and costs.

## COUNT V: IMPLIED CONTRACT v. SABINE

18. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

19. Plaintiff had an implied contract with the Defendant SABINE wherein the Plaintiff was to provide equipment and labor to grind down the fallen trees and other vegetation so that it could be properly disposed of. Defendant SABINE breached this implied contract by never paying the Plaintiff any money for the use of the Plaintiff's equipment and Plaintiff's labor. As a direct and proximate cause of the Defendant SABINE'S breach of this implied contract, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands damages against the Defendant SABINE, plus prejudgment interest and costs.

## COUNT VI: ORAL CONTRACT v. THOMPSON

20. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

21. Plaintiff entered into an oral contract with Defendant THOMPSON that was supposed to be converted into a written contract by the Defendant THOMPSON, but never was. Defendant THOMPSON agreed to pay the

Plaintiff $248,000 in incremental weekly payments for the use of the Plaintiff's grinder and excavator and Plaintiff's labor. In addition, Defendant THOMPSON was to pay for the cost of all fuel to run the grinder and excavator, any parts that had to be replaced on either piece of equipment, and for trucking of the equipment.

22. Defendant THOMPSON breached this oral contract by never providing a written contract and by never paying the Plaintiff any amount in accordance with the oral contract.

23. Plaintiff has sustained damages as a direct and proximate cause of the Defendant THOMPSON'S breach of this oral contract.

WHEREFORE, Plaintiff demands damages against the Defendant THOMPSON, plus prejudgment interest and costs.

## COUNT VII: ACCOUNT STATED v. THOMPSON

24. Plaintiff adopts and realleges each and every allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

25. Plaintiff sent an account stating the amount that the Defendant THOMPSON owed the Plaintiff, a copy of which is attached hereto as **Exhibit 1**. Upon information and belief, Defendant THOMPSON has received this account and has made no objection to the amount stated in the account.

WHEREFORE, Plaintiff demands damages against the Defendant THOMPSON, plus prejudgment interest and costs.

### COUNT VIII: UNJUST ENRICHMENT v. THOMPSON

26. Plaintiff adopts and realleges each and every allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

27. Plaintiff completed the work he could complete before being discharged by the Defendant THOMPSON. The amount completed by the Plaintiff was the vast majority of what the Plaintiff had contracted to complete. Plaintiff conferred a benefit on the Defendant THOMPSON, Defendant THOMPSON voluntarily accepted the benefit, and the circumstances are such that it would be inequitable for the Defendant THOMPSON to retain the benefit without paying the value to the Plaintiff.

WHEREFORE, Plaintiff demands damages against the Defendant THOMPSON, plus prejudgment interest and costs.

### COUNT IX: QUANTUM MERUIT v. THOMPSON

28. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

29. Plaintiff completed the work it could complete before being discharged by the Defendant THOMPSON. The amount completed by the Plaintiff was the vast majority of what the Plaintiff had contracted to complete. Plaintiff provided and the Defendant THOMPSON received, the benefit of the use of the Plaintiff's equipment and the Plaintiff's labor under the circumstances where, in the ordinary course of events, a reasonable person receiving such a benefit would expect to pay for it.

WHEREFORE, Plaintiff demands damages against the Defendant THOMPSON, plus prejudgment interest and costs.

### COUNT X: IMPLIED CONTRACT v. THOMPSON

30. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

31. Plaintiff had an implied contract with the Defendant THOMPSON, wherein the Plaintiff was to provide equipment and labor to grind down the fallen trees and other vegetation so that it could be properly disposed of. Defendant THOMPSON breached this implied contract by never paying the Plaintiff any money for the use of the Plaintiff's equipment and Plaintiff's labor. As a direct and proximate cause of the Defendant THOMPSON'S breach of this implied contract, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands damages against the Defendant THOMPSON, plus prejudgment interest and costs.

## COUNT XI: UNJUST ENRICHMENT v. GREENCO

32. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

33. Plaintiff completed the work it could complete before being discharged by the Defendant SABINE. Upon information and belief, Defendant GREENCO knew or should have known that the Plaintiff was discharged without any reason and that Defendant GREENCO would get paid and was paid for the work done by Plaintiff. The amount completed by the Plaintiff was the vast majority of what the Plaintiff had contracted to complete. Plaintiff conferred a benefit on the Defendant GREENCO who voluntarily accepted the benefit conferred, and the circumstances are such that it would be inequitable for the Defendant GREENCO to retain the benefit without paying the value to the Plaintiff.

WHEREFORE, Plaintiff demands damages against the Defendant GREENCO, plus prejudgment interest and costs.

## COUNT XII: QUANTUM MERUIT v. GREENCO

34. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

35. Plaintiff completed the work it could complete before being discharged. The amount completed by the Plaintiff was the vast majority of what the Plaintiff had contracted to complete. Plaintiff provided and the Defendant GREENCO received, the benefit of the use of Plaintiff's equipment and services under the circumstances where, in the ordinary course of events, a reasonable person receiving such a benefit would expect to pay for it.

WHEREFORE, Plaintiff demands damages against the Defendant GREENCO, plus prejudgment interest and costs.

## COUNT XIII: IMPLIED CONTRACT v. GREENCO

36. Plaintiff adopts and realleges each allegation contained in paragraphs one (1) through seven (7) as though fully set forth herein and pleads as follows:

37. Plaintiff had an implied contract with the Defendant GREENCO. Defendant GREENCO knew or should have known that the Plaintiff was to provide equipment and labor to grind down the fallen trees and other vegetation so that it could be properly disposed of. Defendant GREENCO

breached this implied contract by never paying the Plaintiff any money for the services provided by the Plaintiff. As a direct and proximate cause of the Defendant GREENCO'S breach of the implied contract, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands damages against the Defendant GREENCO, plus prejudgment interest and costs.

Respectfully submitted this 25th day of August, 2022.

                BOYD LAW, P.A.

                *S/Thomas A. Boyd, Jr.*
                _____

                Thomas A. Boyd, Jr.
                Florida Bar No. 0762725
                6817 Southpoint Parkway,
                Suite 1801
                Jacksonville, FL 32216
                Phone: 904-470-0110
                Fax:904-470-0116
                tim@boydmaritimelaw.com
                Attorney for Plaintiff